UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10994-RWZ

UTILITY CONTRACTORS ASSOCIATION OF NEW ENGLAND, INC.,
W. WALSH COMPANY, INC.,
and RODNEY ELDERKIN

v.

CITY OF FALL RIVER

## JUDGMENT

November 18, 2011

ZOBEL, D.J.

    Consistent with this court's Order dated October 4, 2011, judgment in the above-captioned matter is entered as more fully set forth below.

    Plaintiffs are (1) the Utility Contractors Association of New England, Inc., a contractors association representing the interests of general contractors, subcontractors and material suppliers who are primarily engaged in public works projects; (2) W. Walsh Company, Inc., a general contractor, a UCANE member, and a person who bids on public works projects, including projects within the City of Fall River; and (3) Rodney Elderkin, an individual, and employee of W. Walsh (collectively "UCANE").

    The defendant, City of Fall River ("Fall River") is a municipality within the Commonwealth of Massachusetts.

    On or about June 12, 2010, UCANE filed suit against Fall River seeking an

injunction, a declaratory judgment, and attorneys' fees. UCANE alleged certain sections of Fall River's self-described Responsible Employer Ordinance ("REO") were unlawful. Specifically, UCANE challenged the following sections of Fall River's REO, as well as its bidder certification, reporting requirements, and related sanctions provisions.

> (1) Sections 2a(iv)and 2-945(a) required that 100% of the apprentices and 50% of all other workers for any construction projects be Fall River residents.
>
> (2) The apprenticeship mandate Section 2a(iii) and (iv), which required all contractors for each apprenticeable trade must maintain and participate in an active apprentice program that must have operated without suspension for at least three years prior to the bid date and which must have graduated at least two apprentices per year per trade for the same period.
>
> (3) Section 2a(v) which required contractors to furnish a pension or annuity plan for all employees on the project, and bidders and subcontractors to furnish, at their expense, hospitalization and medical benefits for all their employees employed on the project.

On or about October 12, 2010, UCANE filed a motion for summary judgment, supported by its verified complaint, affidavits, and various documents and DVDs. Fall River filed an opposition. Oral argument was held on November 22, 2010.

On October 4, 2011, the court entered summary judgment in favor of UCANE on all the challenged sections of the REO. This court concluded:

> Judgment may be entered declaring invalid Sections 1(A)(4) and 1(A)(3) of the Reenacted REO, and Sections 2a(iii), 2a(iv), 2a(v) and 2-945(a) of the 2010 REO, or any provisions substantially identical, and enjoining enforcement thereof. The parties shall jointly submit a proposed form of judgment within 20 days of this order.

Therefore, to protect the rights of UCANE and persons similarly situated, and to

prohibit Fall River from enacting or reenacting the same or similar ordinance, the court further finds and enters as its judgment:

(1) The decision entered October 4, 2011, is expressly incorporated herein by reference.

(2) Fall River is hereby permanently enjoined from either enacting or enforcing any local ordinance, law or bylaw applicable to the bidding of public works projects which requires private employers to favor the employment of Fall River residents, unless the City of Fall River first obtains prior approval of this court.

(3) Fall River is hereby permanently enjoined from either enacting or enforcing any local ordinance, law or bylaw applicable to the bidding of public works by private employers which mandates that a private employer provide its employees a pension, annuity, group health insurance plan or similar benefit, or maintain an apprenticeship program, unless the City of Fall River first obtains prior approval of this court

(4) Plaintiffs agree to accept and defendant agrees to pay plaintiffs' attorneys' fees in the compromised amount of $150,000.00.

SO ORDERED this 18th day of November, 2011.

| | |
|---|---|
| November 18, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |